UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD COOK, JR.,<br>Plaintiff, | Case No. 1:20-cv-22 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| SCIOTO COUNTY JAIL, et. al,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner formerly at the Scioto County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Scioto County Jail, Scioto County Sheriff's Department, Scioto County Sheriff Marty Domini, Captain Carter, and Ms. Powell. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that on October 11, 2019 he was transported from his home to the Scioto County Jail for a twenty-four-hour parole investigation. (Doc. 1-1, Complaint at PageID 8). According to plaintiff, his parole officer ordered his release on October 12, 2019, but he was held until October 28, 2019, when he was transferred to the Western Regional Jail in Barboursville, West Virginia. (*Id.* at PageID 12). Plaintiff alleges that defendant Deputy Powell forged documentation to have him transferred to West Virginia and that defendant Captain Carter refused his release despite his release order. (*Id.* at PageID 7, 11–12).[1]

For relief, plaintiff seeks monetary damages and his immediate release. (*Id.* at PageID 14). Plaintiff also requests an apology from the defendant Sheriff and the responsible parties to be fired.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his claims against defendants Captain Carter and Ms. Powell. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

---

[1] The complaint also includes allegations regarding prison conditions and excessive force. Plaintiff does not name any of the individuals involved with these allegations as defendants to this action.

As an initial matter, to the extent that plaintiff seeks immediate release from custody, the proper mechanism for petitioner to challenge his present physical custody is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The complaint should also be dismissed against the Scioto County Jail and Sheriff's Department. Plaintiff has not stated an actionable claim for relief against these defendants because they are not legal entities that are capable of being sued. *See, e.g., Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (in affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, the Sixth Circuit held that the county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Hawk v. Richland Cnty. Jail*, No. 1:12-cv-326, 2012 WL 2742550, at * 3 (and cases cited therein) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983."); *Coffey v. Miami Cnty. Jail*, No. 3:05-cv-383, 2007 WL 316262, at * 1, *2 (S.D. Ohio Jan. 29, 2007) (holding that the plaintiff had failed to state a claim for relief against the county jail because the jail was "neither a 'person' under § 1983 nor an entity capable of being sued under § 1983"); *see also DiBiase v. Lake Cnty. Detention Facility*, No. 1:12-cv-944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (and cases cited therein); *Barnes v. Cuyahoga Cnty. Jail*, No. 1:09-cv-2671, 2010 WL 148136, at * 1 (N.D. Ohio Jan. 12, 2010) (and cases cited therein).

Plaintiff's claims against these defendants are in reality official capacity claims against Scioto County, the entity of which defendants are agents. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Scioto County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be

4

held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Scioto County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be the "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that any named defendant acted pursuant to a particular policy or custom of Scioto County in allegedly violating his civil rights. *See Graham ex. rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Scioto County Jail or Scioto County Sheriff's Department.

The complaint should also be dismissed against defendant Scioto County Sheriff, Marty Donini. Plaintiff seeks to hold Donini liable based the actions of his subordinates, alleging that their "actions reflect on him" and the sheriff "is supposed to be just and balance the scales of justice for what's good and right." (Doc. 1 at PageID 14). However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). To state a claim against a supervisor, the plaintiff must allege that the supervisor was "somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff has made no such allegation. Accordingly, defendant Donini should be dismissed as a defendant to this action.

Accordingly, in sum, plaintiff may proceed in this action against defendants Captain Carter and Ms. Powell. Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), except for plaintiff's claims against Captain Carter and Ms. Powell.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Captain Carter and Ms. Powell as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 3/3/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES EDWARD COOK, JR.,
Plaintiff,

vs.

SCIOTO COUNTY JAIL, et. al,
Defendants.

Case No. 1:20-cv-22

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).