UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD COOK, JR., <br> Plaintiff, <br><br> vs. <br><br> SCIOTO COUNTY JAIL, *et al.*, <br> Defendants. | Case No. 1:20-cv-22 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. 7). On March 3, 2020, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 6). The Court ordered service of process on the defendants and informed plaintiff to promptly notify the Court of any changes in his address which may occur during the pendency of this lawsuit. (Doc. 8). On November 20, 2020, mail from the Court addressed to plaintiff was returned by the Post Office marked "RETURN TO SENDER," "NOT DELIVERABLE AS ADDRESSED," and "UNABLE TO FORWARD." (Doc. 18). There was a notation on the envelope that plaintiff was "NO LONGER IN THIS FACILITY." (*Id*.).

On March 2, 2021, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for failure to comply with a court order and lack of prosecution. (Doc. 20). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id*.). On March 10, 2021, the Order sent to plaintiff was returned by the Post Office marked "RETURN TO SENDER," "NOT DELIVERABLE AS ADDRESSED," and "UNABLE TO FORWARD." (Doc. 21). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to

achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/25/2021

Karen L. Litkovitz
Chief United States Magistrate Judge